[No. 1577, November 29, 1913.]

J. B. WOOD and J. A. DAVIS, co-partners, doing business under the firm name and style of Wood-Davis Hdw. Company, Plaintiffs in Error, v. J. H. SLOAN, Defendant in Error.

### SYLLABUS.

1. Const., art. VI, sec. 3, providing that the Supreme Court shall have jurisdiction to issue writs of error which may be issued by the direction of the Court or any justice thereof, repealed Laws 1907, c. 57, sec. 3, providing for the issuance of writs of error by the clerk of the Court.

P. 292

2. Where the Supreme Court, upon statehood appointed the clerk of the former Territorial Court to be clerk of the Supreme Court and allowed him to continue to issue writs of error, as had been the practice before statehood, writs of error, so issued, with the knowledge and acquiescence of the Supreme Court and the justices thereof, must be taken to be issued at their direction within Const., art. VI, sec. 3, providing for that manner of issuing writs of error.

P. 293

Error to the District Court of Santa Fe County; Edmund C. Abbott, District Judge; writ of error allowed.

*Brief on Motion for Order Nunc pro Tunc.*

FRANCIS C. WILSON, Santa Fe, N. M., for plaintiff in error.

The Court having taken jurisdiction since its organization of writs issued by the clerk, it will be presumed that such procedure was allowed by direction of this Court. Rev. Stat. U. S., sec. 999.

A writ of error is a writ of right and issues as of course, in the absence of statutory provisions or rule of the Court to the contrary. Van Antwerp v. Newman, 4 Cowen 82; 15 Am. Dec. 340; Drowne v. Stimpson, 2 Mass. 441-45;

Wood & Davis v. Sloan, 18 N. M. 291.

Singer v. Talcott Store Co., 51 N. E. 622, 176 Ill. 48; McIntyre v. Sholtz, 29 N. E. 43-44, 139 Ill. 171; Yates v. People, 6 Johns. 338; Anonymous, 16 N. J. L. 271.

Under the English practice the writ was one of right and granted ex debito justitiae. Tidd's Pr., 1134; Reg. v. Paty, 2 Salk 503; Jaques v. Cesar, 2 Saund. 100, note 1.

"Direction" construed in the sense of authority to direct as circumstances may require, and not as requiring "direction" in order to confer authority on the clerk to act. In re Durand, 12 Atl. 650-52, 60 Vt. 176; First Natl. Bank v. Prager, 91 Fed. 689, 34 C. C. A. 51; Mathias v. Mathias, 104 Ill. App. 344, 66 N. E. 1042; Pearce v. Bowker, 115 Mass. 129; Hagar v. Ward, 115 Mass. 130, (note); Ladd v. Forsee, 163 Mo. 506, 63 S. W. 831.

Such result is unnecessary since this Court being a court of last resort is the exclusive judge of its own jurisdiction. State v. Wanpaca County Bank, 20 Wis. 640; Bridge Co. v. Stewart, 3 How. 413; First Natl. Bank v. Lewis, et al., 45 Pac. 890, 13 Utah, 507.

Cannot be questioned by the lower court whose judgment was under review. People v. Clark, 1 Parker Cr. R. 360; Dowdy v. Wamble, 110 Mo. 280, 19 S. W. 489; Farmers Dev. Co. v. Rayado L. & I. Co., 18 N. M. 1; Manier v. Trumbo, Fed. Cas. 18,309; Lincoln v. Bishop, 13 Ohio 249; Ohio R. R. Co. v. Ohio, 10 Ohio 360.

In order that the record of the Court may conform with its decision in the Farmers Development case, the Court may enter a Nunc pro Tunc order approving the writ as of the date when it was issued. Farmers Development Co. v. Rayado Land & Irrigation Co. 18 N. M. 1.

*Brief on Motion to Quash.*

RENEHAN & WRIGHT, Santa Fe, N. M., for defendant in error.

The statute gives any person aggrieved by judgment or decision the right to sue out a writ of error within one year from the date of the entry of the judgment. Laws 1907, ch. 57, sec. 1; sec. 3 and sec. 21; Art. VI, sec. 3,

Const. of N. M.; A. & E. Enc. L., vol. 21, p. 741, (2 ed.);
Order nunc pro tunc. Gray v. Brignardello, 1 Wall.
627; In re McQuown, Okla., 1907; 91 Pac. 689; A. & E.
Enc. L., vol. 21, p. 741; Perkins v. Hayward, 132 Ind.
95; Secou v. Leroux, 1 N. M. 388; Wilmerding v. Cor-
bin Banking Co., 128 Ala. 268; Secou v. Leroux and Ortiz,
1 N. M. 388; Wilson v. Vance, 55 Ind. 394; Hyde v. Curl-
ing, 10 Mo. 389; Turner v. Christy, 50 Mo. 145; Priest v.
McMaster, 52 Mo. 60; State v. Jeffors, 64 Mo. 376; Hans-
borough v. Fudge, 80 Mo. 387; Briant v. Jackson, 80 Mo.
318; 29 Cyc. 1516, and cases cited; Gibson v. Chouteau,
45 Mo. 171; In re Skerretts Est., (Cal) 22 Pac. 85; State
ex rel. v. Langley, 43 Pac. 845; Lombard v. Wade, et al.,
61 Pac. 856; Black on Judgments, sec. 132.

It may be stated as a general rule that, where a court
has omitted to make an order which it might or ought to
have made, such order can not be entered nunc pro tunc
at a subsequent term. In re Skerrett, 80 Cal. 62; Hegeler
v. Henckell, 27 Cal. 492; Gibson v. Chouteau, 45 Mo. 171;
Wilson v. Vance, Admx., 55 Ind. 394; 72 Fed. 14.

### OPINION OF THE COURT.

PARKER, J.—This cause is here on writ of error. A
motion was filed by defendant in error to dismiss the writ
on the ground that the same had been issued by the clerk
of this Court without the direction of this Court or a
Justice thereof. Thereupon plaintiff in error filed a mo-
tion to enter *nunc pro tunc* as of the date of the issuance
of the writ of error an order approving, allowing and con-
firming its issuance.

In Farmers Development Co. v. Rayado Land & Irriga-
tion Co., 134 Pac. 216, we had this matter before us. A dis-
cussion and decision of it was entirely unnecessary to a
decision of that case, the plaintiff in error having failed
for want of a cost bond, as pointed out in the opinion.
1   For the purpose of settling the practice, however,
we did discuss this matter in that case, and held that
section 3, of article VI, of the Constitution, repealed, *pro
tanto,* section 3 of chapter 57, Laws of 1907, regulating

the issuance of writs of error. This holding was correct, and we do not desire, now, to depart from it in any particular. The holding was that such writs must be issued by "direction of the Court or any Justice thereof."

The further question is presented in this case, not mentioned or argued in that case, viz: What amounts to a "direction" by the Court or any Justice thereof?"

It is to be remembered that for years, under the Territorial regime, it had been the uniform practice provided by law, for the clerk to issue these writs upon the filing of a praecipe for the same by the interested parties. Upon the advent of Statehood and the formation of this Court, we appointed the clerk of the former Territorial Court to be the clerk of this Court. It then and there become our duty to instruct the clerk that writs of error hereafter could be issued only by "direction" of the Court, or a Justice thereof. This we failed, formally, to do. In accordance with his former custom and practice, he proceeded to issue these writs, when applied for and we have proceeded to hear and determine causes in large numbers brought before us in this manner. While no former orders had been made allowing the writs, each member of the Court has had personal knowledge of this course of conduct. Each member has, from time to time, been actually present and known personally of the issuance of some of these writs, and has acquiesced in and consented to the act, as well as the general course of practice. Under such circumstances, we hold that such writs have been issued by "direction" of the Court, or some Justice thereof, within the meaning of the Constitution. To hold otherwise is to put form above substance, to convert the failure of duty on the part of the Court itself into a trap for the unwary litigant, and to unsettle large and important interests heretofore determined by the Court.

Of course, a Court speaks only in one way, viz: through its orders and judgments. For the sake of formality and regularity, therefore, an order will be entered, allowing the writ of error in this case, *nunc pro tunc,* as to the date

of the issuance of the same, and the motion to dismiss the writ of error will be denied, and it is so ordered.

Three other cases, viz: Rio Puerco Irrigation Co. v. H. A. Jastro, Nos. 1546 and 1547, and Stephen Canavan v. Kate Canavan, No. 1562, are in the same condition, and the same order will be entered in each of them.